UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DORIELL HAYES** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 23-144** |
| **WALTER WILEY, JR., ET AL.** | **SECTION: "G"(1)** |

**DEFENDANT MARTEN TRANSPORT, LTD.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S PETITION
FOR DAMAGES AND FIRST AMENDING AND SUPPLEMENTAL PETITION**

NOW INTO COURT, through undersigned counsel, comes Defendant Marten Transport, Ltd. ("Defendant" or "Marten") who, in response to the Petition for Damages ("Petition") and First Supplemental and Amending Petition ("Amended Petition") filed by Plaintiff Doriell Hayes ("Plaintiff"), respectfully represents as follows:

**FIRST DEFENSE**

Plaintiff's Petition and Amended Petition, and each and every allegation therein directed to Defendant, fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Defendant responds to the individual paragraphs of Plaintiff's original Petition for Damages and the First Supplemental and Amending Petition as follows:

AS TO THE ORIGINAL PETITION

1.

The allegations of Paragraph 1 pertaining to Walter Wiley, Jr. are not directed to this defendant and, thus, do not require a response on its behalf. To the extent that a response is necessary, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, deny them. The allegations of Paragraph 1 pertaining to Marten

1

Transport, Ltd. are denied, except to admit that Marten Transport is a Delaware company authorized to do and doing business in the State of Louisiana, with CT Corporation System as its agent for service of process.

2.

The allegations of Paragraph 2 consist of argument and legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 2 are denied. It is specifically denied that Plaintiff is entitled to any recovery against this defendant.

3.

In response to the allegations of Paragraph 3, Defendant admits, based upon information and belief, that on or about September 15, 2021, Plaintiff was operating a 2020 Acura westbound on I-10 om St. John the Baptist Parish, Louisiana.

4.

The allegations of Paragraph 4 are not directed to this defendant and, thus, do not require a response on its behalf. To the extent that a response is necessary, Defendant admits, based upon information and belief, that on September 15, 2021, Walter Wiley, Jr. was operating a 2019 Kenworth T680 westbound on I-10 in St. John the Baptist Parish, Louisiana.

5.

In response to the allegations of Paragraph 5, Defendant admits, based upon information and belief, that at all relevant times, Walter Wiley, Jr. was operating a vehicle owned by Marten Transport, Ltd. The remaining allegations contained in Paragraph 5 consist of argument and legal conclusions to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and, on that basis, denies them.

6.

The allegations of Paragraph 6, including subparagraphs (a) through (h), are not directed to this defendant and, thus, do not require a response on its behalf. Further, the allegations of Paragraph 6 consist of argument and legal conclusions to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 and, on that basis, denies them.

7.

In response to the allegations of Paragraph 7, Defendant admits that, at all relevant times, Marten Transport, Ltd. was an insured under a certain policy of insurance which was in full effect at the time of the accident sued upon, and which said policy is the best evidence of its own terms, conditions, coverages, limits, and exclusions as if copied herein *in extenso*. The remaining allegations contained in Paragraph 7 consist or argument and legal conclusions to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 and, on that basis, denies them.

8.

The allegations of Paragraph 8 consist of argument and legal conclusions to which no response is required. To the extent that a response is required, the allegations of Paragraph 8 pertaining to Marten Transport, Ltd. are denied. It is specifically denied that this defendant is liable to Plaintiff for any alleged damages. As to the remaining allegations in Paragraph 8, Defendant lacks knowledge or information sufficient to form a belief as to the truth of these allegations and, on that basis, denies them.

9.

The allegations of Paragraph 9, including subparagraphs (A) through (C), consist of argument and legal conclusions to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, on that basis, denies them. It is specifically denied that Plaintiff is entitled to any recovery against this defendant.

10.

The allegations of Paragraph 10, including subparagraphs (a) through (e), consist of argument and legal conclusions to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, on that basis, denies them.

11.

The allegations of Paragraph 11 consist of argument and legal conclusions to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, on that basis, denies them. It is specifically denied that Plaintiff is entitled to any recovery against this defendant.

12.

The allegations of Paragraph 12 consist of argument and legal conclusions to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and, on that basis, denies them. It is specifically denied that Plaintiff is entitled to any recovery against this defendant.

13.

The allegations contained within the unnumbered paragraph of the original Petition beginning with "WHEREFORE" pertaining to this defendant are denied. Defendant specifically denies that it is liable to Plaintiff for any alleged damages and further denies that Plaintiff is entitled to a judgment or any other relief sought against it by way of the original Petition.

14.

The allegations contained within the unnumbered paragraph of the original Petition beginning with "PETITIONERS FURTHER PRAY" are not directed to this defendant and, thus, do not require a response on its behalf. To the extent that a response is required, these allegations are denied. It is specifically denied that Plaintiff is entitled to any recovery against this defendant.

AS TO THE FIRST SUPPLEMENTAL AND AMENDING PETITION

15.

The allegations of Paragraph I of the Amended Petition consist of argument and legal conclusions to which no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph I and, on that basis, denies them. It is specifically denied that Plaintiff is entitled to any recovery against this defendant.

16.

The allegations contained within Paragraph II of the Amended Petition beginning with "WHEREFORE" pertaining to this defendant are denied. Defendant specifically denies that it is liable to Plaintiff for any alleged damages and further denies that Plaintiff is entitled to a judgment or any other relief sought against it by way of the original Petition or the First Supplemental and Amending Petition. The allegations contained within Paragraph II of the First Supplemental and

Amending Petition beginning with "PETITIONERS FURTHER PRAY" are not directed to this defendant and, thus, do not require a response on its behalf. To the extent that a response is required, these allegations are denied. It is specifically denied that Plaintiff is entitled to any recovery against this defendant.

### THIRD DEFENSE

Defendant affirmatively asserts and alleges that if it is shown that Plaintiff failed to mitigate her damages, then this defendant pleads same as a bar and/or reduction to her recovery.

### FOURTH DEFENSE

Defendant affirmatively asserts and alleges that Plaintiff's alleged damages, if any, were solely and wholly caused by the independent, intervening, and superseding negligence, contributory/comparative negligence, breach of duty and/or fault of other parties or persons over whom Defendant had no control, and for whom Defendant has no responsibility, all of which totally precludes or alternatively reduces any recoverable damages against Defendant.

### FIFTH DEFENSE

Plaintiff's claims against Defendant are barred or must be reduced to the extent that Plaintiff's alleged injuries or damages, if any, were not caused by Defendant or by parties for which Defendant may be held legally responsible, but rather were caused, in whole or in part, by the actions and/or omissions of third parties for whom Defendant is not responsible.

### SIXTH DEFENSE

Plaintiff's claims against Defendant are barred or must be reduced to the extent that Plaintiff's alleged injuries or damages, if any, were due to Plaintiff's own fault and/or negligence, which fault and/or negligence acts as a complete bar to any recovery to which she might otherwise be entitled herein. Alternatively, the fault and/or contributory negligence of Plaintiff serves to

reduce whatever recovery to which Plaintiff might otherwise be entitled by Plaintiff's own percentage of fault.

### SEVENTH DEFENSE

Defendant asserts and alleges that if it is shown that Plaintiff failed to wear a seatbelt in accordance with Louisiana law, such failure acts as a bar or reduction to Plaintiff's recovery, if any.

### EIGHTH DEFENSE

To the extent that any of Plaintiff's medical expenses have been paid through workers' compensation, Medicare, Medicaid, or through negotiated discounts, Defendant's liability is limited to the amount paid and not the amount billed.

### NINTH DEFENSE

Plaintiff's claims against Defendant are barred or must be reduced to the extent that her alleged injuries or damages are attributable to pre-existing conditions, previous or subsequent accidents, and/or intervening and superseding injuries and/or accidents.

### TENTH DEFENSE

Plaintiff's claims against Defendant are barred or must be reduced to the extent that Louisiana Revised Statute Section 32:866 is applicable.

### ELEVENTH DEFENSE

Defendant denies all allegations of Plaintiff's original Petition and First Supplemental and Amending Petition not specifically herein admitted, denied, or responded to for lack of information or belief.

## **TWELFTH DEFENSE**

Defendant specifically gives notice that it intends to rely upon such other defenses as may become available by law or pursuant to statute, or during discovery proceedings of this cause, and hereby expressly reserves the right to amend its Answer to Plaintiff's Petition for Damages and First Supplemental and Amending Petition to add any facts or affirmative defenses not already asserted that are revealed to be applicable as discovery proceeds.

## **JURY DEMAND**

Defendant requests trial by jury on all issues.

WHEREFORE, the above premises considered, Defendant Marten Transport, Ltd. prays that this Answer to Plaintiff's Petition for Damages and First Supplemental and Amending Petition be deemed good and sufficient and after due proceedings are had that there be a judgment in favor of Defendant, dismissing Plaintiff's Petition for Damages and First Supplemental and Amending Petition, with prejudice, and that Defendant be granted its costs and expenses herein and such other further and equitable relief as the Court may deem just and proper.

Respectfully submitted,

IRWIN FRITCHIE URQUHART MOORE &
DANIELS LLC

*/s/ Shannon M. Kippers*
Matthew W. Bailey (La Bar No. 27706)
Shannon M. Kippers (La. Bar No. 37738)
450 Laurel Street, Suite 1150
Baton Rouge, Louisiana 70801
Telephone: (225) 615-7150
Fax: (225) 615-7179
mbailey@irwinllc.com
skippers@irwinllc.com

***Counsel for Marten Transport, Ltd.***

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of January, 2023, the foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Plaintiff's counsel by operation of the Court's electronic filing system.

*/s/ Shannon M. Kippers*
Shannon M. Kippers